**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**MICHAEL DENSON,**

    Plaintiff,

v.                                            Case No.  8:10-cv-1212-T-30TGW

**ARCHITECTURAL COATINGS, INC.,
JOHN L. SMITH,**

    Defendants.
_____/

## ORDER

THIS CAUSE comes before the Court upon Plaintiffs' Motion to Authorize Notice to Potential Class Members and Incorporated Memorandum of Law (Dkt. 19) and Defendants' Response in Opposition (Dkt. 20).  The Court, having reviewed the motion, response, and being otherwise advised in the premises, concludes that the motion should be denied, although the Court accepts the three individuals' notices of consent to join as Plaintiffs in this case.

## DISCUSSION

Defendant Architectural Coatings, Inc. ("ACI") is a fireproofing and thermal insulation company located in St. Petersburg, Florida.  Plaintiffs were employed by ACI as insulation and fireproofing installation laborers.  ACI's laborers travel to work sites both within Florida and throughout the Southeastern U.S.  Typically, a laborer will make a long distance trip to an ACI job site, work for two weeks, return to St. Petersburg for a weekend,

and then make his or her way back to the ACI site the following Monday. Plaintiffs filed this case under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201 et seq., seeking unpaid wages on behalf of themselves and others similarly situated. Specifically, Plaintiffs allege that ACI denied them overtime compensation for any overtime hours worked during Plaintiffs' travel time to ACI job sites.

Plaintiffs seek conditional certification of this case as a collective action consisting of all current and former insulation and fireproofing laborers, however titled, who performed services for Defendants at any time since May, 2007. At this early stage, "the notice stage," Plaintiffs must show that there are other similarly situated employees who desire to opt-in to the action. The Court finds that Plaintiffs did not meet their burden and, therefore, the Court will not certify the class.

Pursuant to the FLSA,

[a]n action to recover [unpaid minimum wage or overtime compensation] may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

29 U.S.C. § 216(b).

The Eleventh Circuit has recommended a two-tiered procedure for district courts to follow in determining whether to certify a collective action under § 216(b). *Cameron-Grant v. Maxim Healthcare Systems*, 347 F.3d 1240, 1242 (11th Cir. 2003) (*citing Hipp v. Liberty*

*National Life Insurance Co.*, 252 F.3d 1208, 1216 (11th Cir. 2001)).  The first tier, known as the notice stage, is relevant here.  "At the notice stage, the district court makes a decision- usually based only on the pleadings and any affidavits which have been submitted-whether notice of the action should be given to potential class members." *Id.* at 1243.  The Court must determine whether there are other employees who desire to opt-in and whether those employees are similarly situated. *Dybach v. State of Fla. Dep't of Corrs.*, 942 F.2d 1562, 1567-68 (11th Cir. 1991).

The onus is on Plaintiffs to demonstrate a reasonable basis for the assertion that there are other employees who desire to opt-in. *Rodgers v. CVS Pharmacy, Inc.*, 2006 WL 752831 at *3 (M.D. Fla 2006) (*quoting Haynes v. Singer Co., Inc.*, 696 F. 2d 884, 887 (11th Cir. 1983)).  Mere belief or unsupported expectations that additional plaintiffs will come forward are insufficient to justify certification.  *Id.*; *see also David v. Associated Out-Door Clubs, Inc.,* 2010 WL 1730702 (M.D. Fla. April 27, 2010).  In *Associated Out-Door Clubs*, this Court held that the plaintiff failed to show that there were other similarly situated employees who desired to opt-in to the action.

Here, there is one named Plaintiff and three individuals who have filed consents to join.  These four individuals filed virtually identical declarations, which claim that they "expect," "believe," and/or "anticipate" that others would choose to join this lawsuit if they are advised of their rights under the FLSA.  However, none of the declarants identify any such person by name.  In stark contrast, Defendants filed declarations of four of Plaintiffs'

coworkers, indicating that they were not interested in joining this lawsuit, that they were not aware of any current or former employees who would be interested in joining this lawsuit, and rejecting Plaintiffs' allegations of FLSA violations.

Plaintiffs have failed to provide sufficient evidence that other employees want to opt-in to this action. And since the named Plaintiff, Michael Denson, initiated this litigation over seven months ago, only three other individuals have come forward to join this lawsuit. Therefore, the Court will not approve the certification of the class. However, to accommodate the three individuals who consented to join, the Court accepts the notices of consent to join filed by Johnny Kelly, Clifford Lee Powell, Jr., and Harrell Clyde.

It is therefore ORDERED AND ADJUDGED that:

1. Plaintiffs' Motion to Authorize Notice to Potential Class Members and Incorporated Memorandum of Law (Dkt. 19) is hereby DENIED.

2. The Court accepts the notices of consent to join filed by Johnny Kelly, Clifford Lee Powell, Jr., and Harrell Clyde, and the CLERK is directed to add them as Plaintiffs to this action.

3. The parties shall comply with the Court's FLSA Scheduling Order (Dkt. 4) as to the additional Plaintiffs and the interrogatory deadline contained in that Order (Dkt. 4) shall be calculated from the date of this Order as to the newly added Plaintiffs.

4. Any party's failure to meet and confer in good faith may be subjected to sanctions from this Court.

5. Defendants' Motion to Strike Plaintiff's Class Allegations (Dkt. 22) is hereby DENIED as moot.

**DONE** and **ORDERED** in Tampa, Florida on January 6, 2011.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2010\10-cv-1212,mtcertifyclassDkt19.frm